**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| A.B., an individual,<br>Plaintiff,<br>v.<br>MARRIOTT INTERNATIONAL, INC.,<br>Defendant. | Civil Action No.: 19-cv-5770-MAK<br>Hon. Mark A. Kearney |

**DEFENDANT MARRIOTT INTERNATIONAL, INC.'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 14(a)**

Defendant Marriott International, Inc. ("Marriott International") moves this Court, pursuant to Federal Rule of Civil Procedure 14(a), for an Order granting leave to file a Third-Party Complaint for contribution and indemnification.

1. On May 11, 2020, this Court issued a Scheduling Order that imposed a deadline of June 19, 2020 to move "to join or add additional parties." (ECF No. 38 ¶ 5.)

2. Federal Rule of Civil Procedure 14(a) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."

3. In accordance with Rule 14 and this Court's Scheduling Order, Marriott International files this Motion for Leave to File a Third-Party Complaint in connection with this action filed by Plaintiff A.B. A copy of Marriott International's proposed Third-Party Complaint is attached as **Exhibit A**.

4. Through this Motion, Marriott International seeks leave to implead the entities that managed, franchised, and owed the Renaissance Philadelphia Airport hotel and the Fairfield Inn

& Suites Philadelphia Airport—two of the hotels at which Plaintiff was allegedly trafficked. Those proposed Third-Party Defendants are Columbia Properties Philadelphia, LLC; Columbia Sussex Corporation; W2005/Fargo Hotels (Pool C) Realty, LP; Aimbridge Hospitality, LLC; and Tharaldson Property Management, Inc.

5. Marriott International further seeks to implead the Plaintiff A.B.'s alleged sex-traffickers. Plaintiff alleges that she had more than one trafficker and that one of her traffickers operated with a partner. Although Plaintiff filed this action six months ago, Plaintiff has refused to identify her sex traffickers or to provide any additional information about them out of fear for her safety. Because Plaintiff is withholding this information, which she alone possesses, Marriott International is unable to plead the true names of John Does #1-3 and other pertinent facts about them. Marriott International has nonetheless named them as "John Doe Defendants" to preserve its rights and ensure compliance with the Court's June 19, 2020 deadline for filing third-party complaints.

6. Plaintiff seeks to hold Marriott International vicariously liable for the trafficking she experienced at the Local Hotels under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). But her claims are based on a fundamental misunderstanding of Marriott International's role as a franchisor of hotel properties.

7. Marriott International, as franchisor, does not own the franchised hotels. The franchisee and/or its hotel management company—*i.e.*, W2005, Aimbridge Hospitality, Tharaldson, Columbia Properties, and/or Columbia Sussex—are responsible for the management, staff, security, training and qualifications required of or provided to the hotel's employees as well as the methods and manner of daily operations at the hotels. As a result, they are obligated to indemnify Marriott International under common law and/or as a matter of contract.

8. The Third-Party Defendants are properly named under Federal Rule of Civil Procedure 14 because each Third-Party Defendant "may be liable" to Marriott International "for all or part of the claim" that Plaintiff A.B. is pursuing against Marriott International in this action. *See* Fed. R. Civ. P. 14(a)(1).[1] Indeed, Marriott International's Third-Party Complaint asserts claims for contribution under 42 Pa. Cons. Stat. § 8324(a) and common law and contractual indemnification.

9. Rule 14 is construed liberally in the interest of judicial economy. *Scott v. Walter Kidde Portable Equip., Inc.*, No. 02-1460, 2002 WL 1880521, at *1 (E.D. Pa. Aug. 12, 2002). Courts have recognized that impleader in these circumstances results in "more efficient litigation." *McCurdy v. Wedge Wood Capital Mgmt., Co*., No. 97-4304, 1999 WL 554590, at * 2 (E.D. Pa. July 16, 1999) (citing *Hicks*, 165 F.R.D. at 379). Granting the motion would promote judicial economy and the interests of the parties.

10. A Rule 14(a) motion should be "freely granted to promote . . . efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Scobie v. Waco Equip. Co.*, 2008 WL 1943551, at * 1 (W.D. Pa. May 1, 2008) (citing *Hicks v. Long Island R.R.*, 165 F.R.D. 377, 379 (S.D.N.Y. 1996)). None of these adverse circumstances are present.

11. Plaintiff will not suffer prejudice as a result of the proposed Third-Party Complaint. If anything, she will benefit from it.

12. This motion is timely filed in accordance with this Court's Scheduling Order.

13. Trial is scheduled for December 2020 and, accordingly, the trial date will not be

[1] This Court has subject-matter jurisdiction over Marriott International's Third-Party Complaint under 28 U.S.C. § 1367(a).

delayed by granting the motion.

14. For these reasons, Marriott International respectfully requests that this Court grant its motion for leave and thus allow it to file the attached Third-Party Complaint.

Date: June 19, 2020

Respectfully submitted,

**DLA PIPER LLP**

By: *_/s/ Courtney G. Saleski_*
Courtney G. Saleski
Ben C. Fabens-Lassen
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Phone: 215-656-2431

Michael P. O'Day (*pro hac vice*)
Ellen E. Dew (*pro hac vice*)
Michael Bakhama (*pro hac vice*)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209

*Attorneys for Defendant Marriott International, Inc.*